USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10 17-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNISON, LLC,
Plaintiff,

v.

CARL E. WOOTEN, GREGG H. BUTLER, and JAMES BODAJLO,
Defendants.

**MEMORANDUM DECISION**

10 CV 2680 (VB)

Briccetti, J.:

Plaintiff moves for leave to amend its complaint (Doc. #25) pursuant to Rule 15. Plaintiff seeks to add Vertical Performance Partners, Inc. ("Vertical") as a defendant.

For the following reasons, plaintiff's motion is GRANTED.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## BACKGROUND

Plaintiff is a company that produces interactive meetings for large organizations, incorporating production elements such as video, animation, set design, and lighting. Plaintiff claims its meetings incorporate a unique communication tool comprised of specific information and computer processes. Plaintiff further claims that because its services are so highly specialized, it has developed a unique book of clients at substantial effort and expense. Plaintiff has also developed budgets and process templates for customizing its services to meet clients' needs. Plaintiff considers such information trade secrets.

Defendants Carl E. Wooten, Gregg H. Butler, and James Bodajlo are former employees of plaintiff. Plaintiff claims Wooten formed Vertical's predecessor, Vertical Performance Partners LLC, on October 21, 2009, while he was still employed by plaintiff. Wooten engaged

Butler and Bodajlo to assist in those efforts. Plaintiff claims defendants solicited plaintiff's clients on behalf of Vertical.

Vertical Performance Partners LLC was merged into Vertical on March 26, 2010.

In July 2011, Vertical published a list of eighteen clients on its website for the first time. According to plaintiff, eleven of the eighteen were plaintiff's clients, to whom the defendants had no relevant connection before working for plaintiff. Plaintiff claims Vertical's posting confirms that Vertical is working with plaintiff's clients, and thus has received and used plaintiff's trade secrets.

Plaintiff asserts that until Vertical published its client list in July 2011, there was insufficient public information to conclude that Vertical had engaged in theft of plaintiff's trade secrets.

## DISCUSSION

Rule 15(a)(2) provides that a party may amend its complaint only with the opposing party's consent or leave of court. While leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive . . . or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). This decision is soundly within the Court's discretion. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).

Defendant claims amendment would be futile because the complaint would not survive a motion to dismiss. When a party opposes leave to amend on futility grounds, the proper legal standard is whether the amendment fails to state a claim under Rule 12(b)(6). Solin v. Guardian

Ins. & Annuity Co., 2011 WL 2161868, at *2 (S.D.N.Y. May 23, 2011) (citing Barrett v. United States Banknote Corp., 806 F. Supp. 1094, 1098 (S.D.N.Y. 1992)).

To survive a motion to dismiss, a complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984).

Defendants argue plaintiff is unable to meet this standard because (1) the amended complaint does not identify information that would qualify as a trade secret, (2) any possible trade secrets were not properly maintained, and (3) plaintiff does not properly allege that Vertical used its trade secrets. Defendants' arguments fail. Plaintiff identifies potential trade secrets in its proposed amended complaint and alleges Vertical used those trade secrets. Plaintiff further alleges its trade secrets were maintained in secrecy. Defendants' evidentiary arguments are premature, and plaintiff has alleged facts sufficient to state a claim.

Defendants primarily argue that plaintiff's cause of action must fail because client lists are not trade secrets. Without reaching the merits of defendants' argument, the Court notes that while plaintiff does allege that its client lists qualify as trade secrets, it also identifies several other potential trade secrets, including client contact information, histories of client

engagements, meeting templates, customized combinations of data structures and production tools, and various computer software and code. Once plaintiff discovered that Vertical was working with many of plaintiff's clients, plaintiff reasonably suspected that defendants might be using those trade secrets in their work for those clients. Plaintiff could not have known defendants were working with its clients – and thus potentially using its trade secrets – until Vertical published its client list.

Thus, joinder would not be futile. Construing the proposed amended complaint in the light most favorable to plaintiff, the pleading is sufficient to survive a motion to dismiss. See R&M Jewelry, LLC v. Michael Anthony Jewelers, Inc., 221 F.R.D. 398, 399 (S.D.N.Y. 2004). If the allegations in the amended complaint are true, the individual defendants are acting through Vertical, and Vertical should be joined as a defendant.

Defendants also argue that plaintiff's motion should be denied because it acted with undue delay. This argument is unpersuasive. Plaintiff made its motion as soon as it discovered that Vertical was doing business with plaintiff's clients, and thus has provided a credible reason for its delay.

Furthermore, an amended complaint would not prejudice defendants. Adding Vertical as a party will not delay the proceedings or require significant additional resources. See AEP Energy Services Gas Holding Co. v. Bank of America, N.A., 626 F.3d 699, 725-26 (2d Cir. 2010). Moreover, because Wooten is Vertical's president and one of its two directors, Vertical had notice of plaintiff's claims.

Finally, amendment would promote judicial economy. Allowing plaintiff to bring its claims against all involved entities would resolve the merits of the dispute in a single action, and avoid a separate lawsuit against Vertical.

Thus, leave to amend the complaint is warranted in this case.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend its complaint is GRANTED. Plaintiff is instructed to file its amended complaint by October 21, 2011.

The Clerk is instructed to terminate this motion (Doc. #25).

Dated: October 14, 2011
      White Plains, New York

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge